ROSA K. HIRJI | SBN 204722
*rosa@rkhlawoffice.com*
JENNY CHAU | SBN 274360
*jenny@rkhlawoffice.com*
DIANA MALTZ | SBN 322748
*diana@rkhlawoffice.com*
**LAW OFFICES OF HIRJI & CHAU, LLP**
5173 Overland Avenue
Culver City, CA 90230
Tel. (310) 391-0330 // Fax (310) 943-0311

*Attorneys for Plaintiff* JAN THOMAS

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JAN THOMAS,<br><br>Plaintiff,<br><br>v.<br><br>COMPTON UNIFIED SCHOOL DISTRICT,<br><br>Defendant. | Case No.: 2:22-cv-03260<br><br>**COMPLAINT FOR ATTORNEYS' FEES UNDER THE INDIVIDUALS WITH DISABILITIES EDUCATION ACT (20 U.S.C. § 1415(i)(3))** |

Plaintiff JAN THOMAS ("Thomas" or "Plaintiff") brings this action for attorneys' fees against Defendant COMPTON UNIFIED SCHOOL DISTRICT ("CUSD" or "Defendant") under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 et seq., incurred in successfully prosecuting an administrative due process hearing on behalf of a student with a disability, S.T.

In support of this complaint ("Complaint"), Plaintiff alleges the following:

//

//

//

## JURISDICTION AND VENUE

1. Plaintiff seeks attorneys' fees under the IDEA (20 U.S.C. § 1400 et seq.) , such that the jurisdiction of this Court is proper under 28 U.S.C. §§ 1331 and 1343, and 20 U.S.C. § 1415(i)(3)(A).

2. Venue lies with this Court pursuant to 28 U.S.C. § 1391(b) because CUSD is located within Los Angeles County, which is within the jurisdiction of this district. Furthermore, all of the events which are the subject of this complaint took place within the jurisdiction of this district.

## PARTIES

**Plaintiff**

3. Thomas is, and at all times pertinent to this action has been, a natural person residing within the City of Compton, Los Angeles County, California.

4. Plaintiff Thomas is the parent of S.T., a student with a disability under the IDEA and the Petitioner in the underlying administrative due process hearing.

5. Presently and at all times relevant to this action, Plaintiff Thomas and S.T. reside within the geographical boundaries of Compton Unified School District and S.T. is a student within the Compton Unified School District.

**Defendant**

6. Defendant CUSD is, and at all times pertinent to this action has been, a public school district organized and existing under the laws of the State of California.

7. Defendant CUSD is located within the City of Compton, Los Angeles County, California.

8. Defendant CUSD is a Local Education Agency as defined under the IDEA.

9. Defendant CUSD is, and at all times pertinent to this action has been, responsible for providing S.T. with a free and appropriate public education under the IDEA.

//

**FACTUAL BACKGROUND AND ADMINISTRATIVE COMPLAINT**

10. S.T. is the child of Plaintiff Thomas and the Petitioner/Student in the underlying administrative due process matter heard by the California Office of Administrative Hearings ("OAH"). S.T. is a conserved adult. Plaintiff Thomas is S.T.'s conservator. S.T. is, and at all times pertinent to this action has been, a child with a disability within the meaning of 20 U.S.C. § 1401(3)(A).

11. At all times pertinent to this action, S.T.'s educational rights have been held by Plaintiff Thomas.

12. On September 2, 2021, Plaintiff Thomas, on behalf of S.T., filed a complaint with the OAH. The complaint requested an administrative due process hearing under California statutes and regulations implementing 20 U.S.C. §§ 1415(b)(6), (b)(7), and (f)(1). Through the administrative due process hearing, Plaintiff Thomas sought relief for S.T. from Defendant CUSD for violations of the IDEA and concomitant provisions of the California Education Code.

13. Administrative Law Judge Marlo Nisperos ("ALJ Nisperos") heard the aforementioned matter, designated OAH Case No. 2021090098, by videoconference on November 9, 16, 17, 18, 19, 22, and 23, 2021.

14. The due process hearing addressed the following issues:

Issue 1: Did Compton Unified School District deny Student a free and appropriate public education, called FAPE, from September 2, 2019 through the end of the 2019-2020 school year by:

a. Failing to timely consider the January 21, 2020 speech and language independent educational evaluation report;
b. Failing to consider the August 26, 2019 augmentative or alternative communication and assistive technology independent educational evaluation report;
c. Failing to consider the January 1, 2020 transition independent educational evaluation report;

d. Failing to assess in all areas of need, specifically social emotional functioning and orientation and mobility;

e. Failing to make a written placement offer to the nonpublic school agreed upon in the settlement agreement, based upon Compton's FAPE obligation;

f. Failing to make a clear written offer of FAPE indicating the placement at the commencement of the school year;

g. Failing to timely offer and materially implement the service minutes, that the parties agreed was FAPE, in the August 22, 2019 settlement agreement, specifically physical therapy, occupational therapy, specialized vision services, speech and language, adaptive and augmentative communication services and assistive technology services, and a trained one to one aide;

h. Failing to offer assistive technology and adaptive and augmentative communication systems;

i. Failing to implement related services and supplementary supports and services offered in the October 29, 2019 individualized education program, referred to as IEP, specifically physical therapy, adapted physical education, occupational therapy, and one to one aide services;

j. Failing to provide agreed upon equipment during remote learning, specifically a laptop or tablet, magnification device or visual assistance device, adapted toileting system, gait trainer, and adapted stander;

k. Failing to implement the October 29, 2019 IEP, based upon Student's inability to access services in the virtual format;

l. Failing to implement the in-person in-home aide service during remote learning resulting in a failure to materially implement the

October 29, 2019 IEP;

m. Failing to offer appropriate placement for the 2019-2020 extended school year based upon the June 8, 2020 IEP;

n. Reporting inaccurate present levels of performance in the June 8, 2020 IEP, during the 2019-2020 extended school year;

o. Offering inappropriate goals in the June 8, 2020 IEP, specifically in the areas of reading, writing, math, speech and language, and occupational therapy, during the 2019-2020 extended school year;

p. Offering an inappropriate individual transition plan in the June 8, 2020 IEP during the 2019-2020 extended school year;

q. Denying Parent's right to meaningfully participate in the IEP process by failing to timely provide Parent with a copy of the June 8, 2020 IEP; and

r. Denying Parent's right to meaningfully participate in the IEP process by implementing the June 8, 2020 IEP without parental consent?

Issue 2: Did Compton Unified School District deny Student a FAPE during the 2020-2021 school year by:

a. Failing to timely consider the January 21, 2020 speech and language independent educational evaluation report;

b. Failing to consider the August 26, 2019 augmentative or alternative communication and assistive technology independent educational evaluation report;

c. Failing to consider the January 1, 2020 transition independent educational evaluation report;

d. Failing to consider the July 7, 2020 occupational therapy independent educational evaluation report;

e. Failing to assess in all areas of need, specifically social emotional functioning and orientation and mobility;

f. Failing to offer assistive technology and adaptive and augmentative communication systems;

g. Failing to provide agreed upon equipment during remote learning, specifically a laptop or tablet, magnification device or visual assistance device, adapted toileting system, gait trainer, and adapted stander;

h. Failing to implement the October 29, 2019 IEP, based upon Student's inability to access services in the virtual format;

i. Failing to implement the in-person in-home aide service during remote learning resulting in a failure to materially implement the October 29, 2019 IEP;

j. Failing to offer appropriate placement in the June 8, 2020 IEP;

k. Reporting inaccurate present levels of performance in the June 8, 2020 IEP;

l. Offering inappropriate goals in the June 8, 2020 IEP, specifically in the areas of reading, writing, math, speech and language, and occupational therapy;

m. Offering an inappropriate individual transition plan in the June 8, 2020 IEP;

n. Denying Parent's right to meaningfully participate in the IEP process by failing to timely provide Parent with a copy of the June 8, 2020 IEP;

o. Denying Parent's right to meaningfully participate in the IEP process by implementing the June 8, 2020 IEP without parental consent;

p. Denying Parent's right to meaningfully participate in the IEP process by failing to provide prior written notice in response to a request for in-person services, or in-home aide at the February 22, 2021 IEP team meeting; and

q. Failing to timely hold an annual IEP team meeting?

15. On December 31, 2021, ALJ Nisperos rendered a final decision ("the OAH Decision") in the administrative due process case pursuant to 20 U.S.C. § 1415(f)(3)(E) and (i)(1)(A).

16. The OAH Decision found that Student, S.T. by and through Thomas, prevailed on Issue 1(a), Issue 1(b), Issue 1(c), Issue 1(d), Issue 1(g) , Issue 1(h) , Issue 1(i), Issue 1(j), Issue 1(k), Issue 1(n), Issue 1(q), Issue 2(a), Issue 2(b), Issue 2(c), Issue 2(d), Issue 2(e), Issue 2(f), Issue 2(g), Issue 2(h), Issue 2(j), Issue 2(k), Issue 2(l), Issue 2(m), and Issue 2(n).

17. The OAH Decision awarded S.T. substantial relief, including compensatory direct and consultative educational services through a nonpublic agency, independent educational evaluations through a nonpublic agency, and access to assistive technology.

18. The OAH Decision found that Defendant CUSD has denied S.T. a free and appropriate public education during the approximate period of September 2, 2019 through the end of the 2020-2021 school year.

19. Student is a prevailing party in the OAH matter within the meaning of 20 U.S.C. § 1415(i)(3)(B). Consequently, Plaintiff Thomas is entitled to recover, from Defendant CUSD, reasonable attorneys' fees incurred in instituting and prosecuting the administrative due process hearing case and for preparation and prosecution of this action.

**FIRST CLAIM OF RELIEF**

ATTORNEYS' FEES

20 U.S.C. § 1415(i)(3)

20. Plaintiff incorporates by reference the allegations contain in each of the foregoing paragraphs, and incorporates them herein as if separately alleged.

21. S.T.'s administrative due process hearing, OAH Case No. 2021090098, was a proceeding within the meaning of the IDEA. Defendant CUSD is a Local

Education Agency within the meaning of the IDEA. Plaintiff Thomas is the parent and educational rights holder of S.T.

22. The OAH Decision granted S.T. substantial relief. By virtue of this relief, S.T. and Plaintiff Thomas, collectively as Petitioner/Student in OAH Case No. 2021090098, are a prevailing party within the meaning of the IDEA.

23. As S.T.'s parent and educational rights holder, Plaintiff Thomas is entitled to recover from Defendant CUSD reasonable attorneys' fees incurred in instituting and prosecuting OAH Case No. 2021090098.

24. Plaintiff Thomas has incurred and will continue to incur attorneys' fees for the preparation and prosecution of this action

**PRAYERS**

WHEREFORE, Plaintiff Thomas prays judgement as follows:

1. For statutory attorneys' fees in an amount determined by the Court to be reasonable under 20 U.S.C. § 1415(i)(3) for OAH Case No. 2021090098;
2. For an award of reasonable attorneys' fees incurred in preparation and prosecution of this instant action;
3. For ordinary costs of litigation; and
4. For such other and further relief as the Court may deem just and proper.

Dated: May 13, 2022

LAW OFFICES OF HIRJI & CHAU, LLP

Diana Maltz
Attorneys for Plaintiff